

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 21, 1947

Hon. G. C. Morris, Chairman
Joint Legislative Committee
Austin, Texas

Opinion No. V-437

Re: Balances required
to be shown in ap-
plication for State
aid under House
Bill No. 295, Acts
1947, 50th Legisla-
ture.

Dear Senator Morris:

We refer to your letter of recent date from which we quote in part as follows:

"The Joint Legislative Committee, cre-
ated by H. B. 295, 50th Leg., R. S., Acts
1947, is charged with the responsibility
of seeing that no deficit is created by
the expenditures of this fund. In line
with this, we are submitting to your De-
partment the following questions:

"1. Should a school district which
has heretofore not applied for aid under
the terms of the Equalization Law be re-
quired to show in its application all bal-
ances in the local maintenance, and State
and county Available Funds?

"2. Should a school district which
has heretofore not applied for aid under
the terms of the Equalization Law be re-
quired to show in its application all
monies which said district has received in
the form of per capita supplements?

"In connection with this first ques-
tion, it is our understanding that your De-
partment has in the past rendered opinions
holding that school districts which have
been qualifying under the Equalization Law
have to show such revenue as a balance in
the various funds."

A school district to be entitled to State aid under the provisions of H. B. 295, 50th Legi., R.S.,Acts 1947, must, among other conditions of the Act, meet the eligibility requirements of Article I, Section 1 thereof, the maintenance tax levy requirements of Article I, Section 2, and must show budgetary need therefor on a proper and timely application for aid made in accordance with the provisions of Article I, Section 5, and Article III, Sections 1 and 2 of the Act.

"Budgetary need" is defined in the Act as the difference between the total of all revenues of the District and the total of all operating expenses if such expenses are greater than the revenues. Section 5, Article I, H. B. 295.

Section 1 of Article II requires that any authorized school district making application for State aid under the Act shall on proper provided forms include a budget by which the amount of salary aid to which a school will be eligible shall be determined. Under Section 5 of Article I and Section 1 of Article II, it is provided that the revenues or receipts as shown in a district's Rural Aid Budget shall include: (1) State and County Available balances brought forward from the preceding year, (2) Local Maintenance balances brought forward from the preceding year, (3) State Aid balances brought forward from the preceding year, (4) State and county Available Receipts for the current year, (5) Local Maintenance Receipts derived from a Local Maintenance Tax of 50¢ on the $100 valuation for the current year, (6) Tuition to be collected locally, and (7) Miscellaneous receipts. Certain government bonds, described in the Act, purchased and owned by the district prior to August 31, 1945, shall not be reported as receipts or balance in the Rural Aid Budget.

Said provisions declaring what money or funds shall be reported as receipts, revenues or balances in a Rural Aid Budget are clear and unambiguous and apply with equal force to so-called State aid districts (districts which applied for and received aid under S. B. 167, 49th Legislature, Acts 1945), as well as to districts now seeking aid under H. B. 295 who have heretofore not applied for State aid. The latter type of district seeking aid under H. B. 295, as distinguished from a so-called State aid district, could not, of course, report State aid balances described in (3) above, but it can and must report the other balances prescribed in (1) and (2), if any there be.

In accordance with the provisions of Article I, Section 5, and Article II, Section 1 of H. B. 295, our answer to your first question is in the affirmative.

We have advised herein that a school district making application for State aid under H. B. 295, 50th Leg., and which did not receive State aid under the provisions of S. B. 167, 49th Leg., shall report in the required State aid budget, in like manner as the so-called State aid district, its State and county available balances brought forward from the preceding year and also its local maintenance balance so brought forward, if any there be.

This Department has previously advised in its opinions Nos. O-6285 and O-6699, respectively, that State aid districts receiving the supplemental per capita apportionment made in the years 1943-44 and 1944-1945, should bring forward and report in full in their State aid budget for the years 1944-1945 and 1945-1946, respectively, the entire supplemental amount received by the District for those years even though the districts had spent the money entirely. It was clearly pointed out in those opinions that the State aid districts receiving aid under the provisions of H. B. 176, 48th Leg., and S. B. 167, 49th Leg., had not been authorized to spend more than the maximum amount for salaries and operating expenses set out in the Equalization Laws, and for that reason State aid districts must report in full the per capita supplemental apportionment received in their next succeeding year's State aid budget. The rulings in these opinions are equally applicable, we believe, to State aid districts now seeking aid under H. B. 295 and who have received their per capita supplemental apportionment of $6.00 in and for the year 1946.

It is our opinion, however, that this ruling advanced in said former opinion with respect to State aid districts is not applicable to those school districts now seeking aid under H. B. 295 who have not heretofore received State aid under S. B. 167, 49th Leg., for the fiscal year 1946-1947, and that such districts do not have to report any part of the 1946 supplemental per capita apportionment except to the extent that all or any portion thereof still remains unexpended and a balance in the district's State and County Available Fund. If all or any portion thereof remains unexpended, the amount or balance must be reported by such a district in its State aid budget as its State and county balance which, under Section 5 of Article I and Section 1 of Article II of H.B. 295, is required to be brought forward from the preceding year and reported in the budget.

A school district which is not a State aid district may expend its State and County Available per capita apportionment, be it supplemental or otherwise, in accordance with the provisions of Article 2827, V.C.S., and for the purposes therein set out. Where the State and County Available Fund is sufficient to maintain the school for at least eight months and leave a surplus, such surplus may be expended by the school board in the same manner as local funds. Subdivision 2, Article 2827, V.C.S.; Harlingen I.S.D. v. C. H. Page & Bros., 48 S.W. (2d) 983.

On the other hand, the maximum amounts which a State aid district may expend for its salaries and current operational purposes are limited by the provisions of the State Aid Law as a condition to its receiving State aid thereunder. Sections 1 of Article II, H. B. 295, 50th Leg.; S. B. 167, 49th Leg.; H. B. 176, 48th Leg., respectively. A. G. Opinions O-6285 and O-6699. In short, a school district which elects to become a State aid district sacrifices to a limited extent its freedom to determine how much of State and county available funds it may use for salaries and current operating expenses.

Accordingly, our answer to your second question is that a school district which has heretofore not received State aid in the fiscal year 1946-1947 under S. B. 167, 49th Leg., is not required to show in its State aid budget submitted in its application for State aid under the provisions of H. B. 295, 50th Leg., all monies which said district has received in the form of a supplemental per capita apportionment in 1946, but shall report only such per capita monies that remained unexpended by the district which constitute a part of the State and county available balance, which balance is required to be reported under Section 5 of Article I and Section 1 of Article II of H.B. 295.

## SUMMARY

School districts applying for State aid under House Bill No. 295, 50th Legislature, which have not received aid under Senate Bill No. 167, 49th Legislature, are required under Section 5 of Article I and Section 1 of Article II of House Bill No. 295 to show in their application for aid all balances in their local maintenance and State and county available funds.

Such a district must report in its
application for aid only that part of
its 1946 supplemental per capita appor-
tionment which remains unexpended and
which constitutes a part or all of its
balance in its State available fund.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Bruce W. Bryant*
Bruce W. Bryant
Assistant

APPROVED

*Price Daniel*
ATTORNEY GENERAL

BWB:djm:jrb